# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20394
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ANTONIO VARGAS CASTRO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-570-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Jose Antonio Vargas Castro appeals his conviction for illegally reentering the United States after being removed. He challenges the district court's denial of his motion to dismiss the indictment. He argues that the indictment was invalid because the prior removal order was void due to a defective notice to appear that failed to specify a time and date for his removal hearing. He concedes that the issue is foreclosed by *Pierre-Paul v. Barr*, 930

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20394

F.3d 684, 689-93 (5th Cir. 2019), and *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019), *petition for cert. filed*, (U.S. Nov. 6, 2019) (No. 19-6588), but he wishes to preserve it for further review.  The Government has filed an unopposed motion for summary affirmance, agreeing that the issue is foreclosed under *Pierre-Paul* and *Pedroza-Rocha*.  Alternatively, the Government requests an extension of time to file a brief.

In *Pedroza-Rocha*, this court applied *Pierre-Paul* to conclude that the notice to appear was not rendered deficient because it did not specify a date for the hearing, that any such alleged deficiency had not deprived the immigration court of jurisdiction, and that the defendant could not collaterally attack his notice to appear without first exhausting his administrative remedies. *Pedroza-Rocha*, 933 F.3d at 496-98.  Vargas Castro's arguments are, as he concedes, foreclosed.  *See id.*  Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.